UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO GONZALEZ,<br><br>Defendant. | NO. CR-08-115-RHW<br><br>**ORDER ON PRETRIAL MOTIONS** |

Before the Court are Defendant's Motion in Limine to Exclude Evidence of Officers' Reasons for Patrolling Area; Gang Affiliation; and Parole Status and Conditions (Ct. Rec. 44), Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to 401, 403, 404(b), and 609 (Ct. Rec. 45), and Motion to Reveal the Identity of Confidential Informant and/or Hold an *in Camera* Hearing (Ct. Rec. 46). A hearing on these motions was held by video conference on March 19, 2009. Defendant was present and represented by Reuven Cohen; the Government was represented by Assistant United States Attorney Harvinder Anand. This order memorializes the oral rulings the Court made at the hearing.

*Defendant's Motions in Limine*

The Court reserves ruling on these motions until in the context of trial. The Government has agreed not to introduce this evidence in its case-in-chief, but reserves the right to introduce the evidence for impeachment purposes or in rebuttal. The Government is directed to seek permission of the Court before doing so.

**ORDER ON PRETRIAL MOTIONS \* 1**

*Defendant's Motion to Reveal the Identity of Confidential Informant*

The Government's privilege to withhold the identity of a confidential informant must give way when the informant's identity is "relevant and helpful to the defense of an accused." *Roviaro v. United States*, 535 U.S. 53, 60-61 (1957). Based on Defendant's *ex parte* offer of proof (Ct Rec. 47), the Court concludes that Defendant has made the showing necessary to require disclosure under *Roviaro*. Therefore, the Government is directed to disclose to defense counsel the informant's identity and contact information, as specified below.

*Excludable Time*

The Court's previous orders neglected to include a finding regarding the excludability of the time between March 3, 2009, and March 26, 2009. The Court does so below.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Court **reserves ruling** on Defendant's Motion in Limine to Exclude Evidence of Officers' Reasons for Patrolling Area; Gang Affiliation; and Parole Status and Conditions (Ct. Rec. 44).

2. The Court **reserves ruling** on Defendant's Motion in Limine to Exclude Evidence of Prior Convictions Pursuant to 401, 403, 404(b), and 609 (Ct. Rec. 45).

3. The Government is **directed** to seek the permission of the Court before referring to any information covered in the two motions on which the Court has reserved ruling.

4. Defendant's Motion to Reveal the Identity of Confidential Informant and/or Hold an *in Camera* Hearing (Ct. Rec. 46) is **GRANTED**.

5. The Government is **directed** to disclose to defense counsel the confidential informant's name and contact information. Defense counsel is **directed** not to disclose this information to any person, including Defendant, other than those individuals assisting defense counsel in preparing his defense.

6. At the conclusion of this case, defense counsel is directed to return to the

**ORDER ON PRETRIAL MOTIONS \* 2**

Government any documents or other tangible objects disclosed pursuant to this order, and to certify to the Government that all such documents and tangible objects have been returned. The Court specifically does not rule on whether any such material must otherwise be turned over to the defense pursuant to Fed. R. Crim. Pro. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Kyles v. Whitley*, 514 U.S. 419 (1995), or any other applicable rule of law.

7. Pursuant to 18 U.S.C. § 3161(h)(8)(A), the time between March 3, 2009, a previous trial date, until March 26, 2009, a previous trial date, is **declared excludable** for purposes of the Speedy Trial Act. The Court found that the continuance was necessary to allow Defendant time to fully investigate and prepare for trial. Defendant's interest in this investigation and preparation outweighs the interest of the public and Defendant in a speedy trial.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 20th day of March, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\Los Angeles Cases\Gonzalez, L\pretrial.motions.ord.wpd

**ORDER ON PRETRIAL MOTIONS * 3**